503 S.E.2d 267

### David PENNINGTON, Plaintiff Below/Appellant,

v.

### ALLSTATE INSURANCE COMPANY, Defendant Below/Appellee.

#### No. 24755.

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1998.

Decided May 15, 1998.

---

Clinton W. Smith, Charleston, for Appellant.

Benjamin L. Bailey, Ronda L. Harvey, Bowles Rice McDavid Graff & Love, Charleston, for Appellee.

PER CURIAM: [1]

This is an appeal by David Pennington, appellant/plaintiff below, (hereinafter "Pennington") from a final order of the Circuit Court of Kanawha County granting summary judgment to Allstate Insurance Company, appellee/defendant below, (hereinafter "Allstate"). In this appeal, Pennington contends that summary judgment was inappropriate because genuine issues of material fact were in dispute regarding insurance coverage.

## I.

### FACTUAL BACKGROUND

Pennington purchased an automobile insurance policy from Allstate for the period April 17, 1993 to October 17, 1993. The policy provided coverage for a 1981 Bronco and a 1987 Bronco. Pennington failed to renew the policy before it expired on October 17, 1993.[2] On October 29, 1993, Pennington's 1987 Bronco was involved in an accident. A passenger in his vehicle was killed.[3] At some point after the accident Pennington contacted his insurance agent and requested the renewal of his policy. Pennington informed the agent that his vehicle had been involved in an. accident. However, there is no evidence in the record that Pennington advised the agent that someone had been killed.

On November 11, 1993, Allstate issued Pennington a renewal policy. The renewal policy did not provide coverage for the 1987 Bronco which was the vehicle involved in the deadly accident.[4] The first page of the policy stated that the coverage was from October 17, 1993 to April 17, 1994, *unless* an amended date appeared on the policy. The policy language specifically stated: 4. *The following coverages and limits apply to each described vehicle as shown below. If the word "amended" followed by date appears above, the insurance applies only from that date.* An amended effective date of November 9, 1993, was on the first page of the policy. The second page of the policy likewise stated that the date of coverage under the policy was November 9, 1993 to April 17, 1994.[5]

On August 16, 1994, Pennington filed a declaratory action against Allstate. Pennington sought to have his policy declared retroactive to the date of the accident. Allstate moved for summary judgment. Summary judgment was granted on January 28, 1997. This appeal followed.

## II.

### STANDARD OF REVIEW

■ The standard of appellate review of a circuit court's entry of summary judgment is de novo. Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In syllabus point three of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) this indicated that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. The record clearly reveals that Allstate followed the statutory renewal notice requirements.

3. Pennington was not driving the vehicle at the time of the accident. He loaned the vehicle to another driver.

4. The renewal policy provided coverage only for the 1981 Bronco and a new 1994 Wrangler.

5. Pennington's account was credited $69.10 because of the lapse in coverage from October 17, 1993 to November 6, 1993.

law." See Syl. pt. 1, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995); Syl. pt. 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

## III.

## DISCUSSION

 The controlling issue in this case is whether the insurance coverage issued to Pennington on November 11, 1993, may be applied retroactively to provide coverage for the vehicular accident that occurred on October 29, 1993. Several critical factors are undisputed based upon the evidence in the record. These factors are: (1) at the time Pennington contacted his insurance agent to seek renewal of his insurance, the accident for which he sought coverage had occurred; (2) the vehicle involved in the accident was not listed on the policy issued on November 11, 1993; (3) prior to issuing the renewal policy neither Allstate nor the insurance agent informed Pennington that the renewal policy would cover the accident; and (4) prior to obtaining the renewal policy Pennington did not inform Allstate or the insurance agent that he was specifically seeking coverage for the accident.[6] These undisputed facts are critical in light of the statute and case law that dispose of this appeal.

This Court held succinctly in the single syllabus of *Brown v. Community Moving & Storage, Inc.*, 186 W.Va. 691, 414 S.E.2d 452 (1992) that "[a]n insurance policy obtained fraudulently after the occurrence of an 'insured event' is void ab initio."[7] West Virginia Code § 33–6A–4 (1980) provides in relevant part that "[i]f a policy be renewed ... the coverage afforded shall not be retroactive to the original expiration date of the policy, but shall resume upon the renewal date at the current levels offered by the company." The decision in *Brown* prohibits retroactive coverage of insurance to cover an insured event. Furthermore, the statute

makes mandatory that once an initial policy has lapsed, any renewal policy begins coverage on the renewal date. Pennington provides no logical basis for this Court to ignore the clear language of W.Va.Code § 33–6A–4 and *Brown, supra.*

## IV.

## CONCLUSION

Based upon the foregoing, the circuit court's order is affirmed.

Affirmed.

---

6. Pennington's brief indicates that he informed the agent that an accident occurred and that the agent indicated that having had an accident would not prevent the issuance of another policy.

7. No allegations of fraud have been made against Pennington. However, in renewing the policy Pennington appears not to have informed the agent that the accident involved a death and that he wanted coverage specifically for that accident.